IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALE A. BUSH,

    Petitioner,

  v.

JEAN HILL,

    Respondent.

Case No. 06-166-AA

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for Petitioner

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon  97301
    Attorneys for Respondent

AIKEN, Judge:

    Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the trial court's

1 - OPINION AND ORDER

imposition of consecutive and departure sentences, along with trial counsel's failure to object to the sentences on federal constitutional grounds, violated his rights to trial by jury and effective assistance of counsel under the Sixth Amendment. The petition is denied.

## BACKGROUND

After a search of defendant's property, he was indicted on twenty separate drugs and weapons charges. The indictment alleged that all of the charged offenses were part of the "same act and transaction." Prior to trial, defendant moved to suppress evidence found at his residence, arguing that the search warrant failed to describe the place to be searched with sufficient particularity. The motion was denied.

On April 23, 1999, after trial by jury, petitioner was found guilty of two counts of delivery and one count of possession of a controlled substance, two separate counts of unlawful possession of a machine gun and a short-barreled shotgun, six counts of being a felon in possession of a firearm, and three counts of unlawful possession of a destructive device.

At sentencing and over counsel's objection, the court found that the drug offenses constituted separate criminal transactions. Based on this finding, the court imposed consecutive sentences on those counts, departed upward from the presumptive sentencing guidelines range, and imposed a combined sentence of 118 months

imprisonment.[1]

Petitioner directly appealed his conviction and sentence, again arguing that the warrant authorizing the search of his home was illegal and that the court improperly enhanced his sentence. The Oregon Court of Appeals affirmed in a published opinion, and the Oregon Supreme Court denied review. State v. Bush, 174 Or. App. 280, 25 P.3d 368 (2001), rev. denied, 334 Or. 491, 52 P.3d 1057 (2002). Petitioner then filed a petition for post-conviction relief (PCR) in Malheur County Circuit Court, alleging that trial counsel was ineffective for failing to challenge the reliability of

---

[1]Oregon statutory law permits consecutive sentences if the offenses of conviction "do not arise from the same continuous and uninterrupted course of conduct."  Or. Rev. Stat. § 137.123(2). Under the Oregon sentencing guidelines in effect at the time of petitioner's sentencing, the court's finding of separate criminal transactions permitted it to:

> impose consecutive sentences on those counts without shifting any of the convictions to column I of the sentencing guidelines gridblock [and] enhance[] defendant's criminal history score on counts II and III in accordance with the rule . . . which permits sentencing courts to count convictions arising from separate criminal episodes in order to establish the presumptive sentences for later convictions that are sentenced in the same criminal proceeding. Finally, because it found that counts I, II, and III involved different episodes, the court also imposed the corresponding sentences without regard to OAR 213-008-0007(3) - the 400 percent rule - which generally limits the total duration of consecutive sentences and departure sentences to 400 percent of the maximum presumptive sentence for the primary offense.

State v. Bush, 174 Or. App. 280, 285, 25 P.3d 368 (2001) (citations omitted).

3 - OPINION AND ORDER

an informant and failing to invoke the Sixth Amendment when objecting to the court's finding of separate drug transactions. Resp. Ex. 115. Petitioner also asserted that his sentence violated his Sixth Amendment right to jury trial pursuant to the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The trial court denied the PCR petition, the Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Exs. 125-26, 130, 132. Petitioner now seeks federal habeas review.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEPDA), a federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court ruling:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>,

4 - OPINION AND ORDER

529 U.S. 362, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In Williams the Supreme Court emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Id. at 410. Thus, "[e]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Penry v. Johnson, 532 U.S. 782, 793 (2001); see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (rejecting Ninth Circuit's "clear error" standard for determining whether application of federal law by a state court is unreasonable under the AEDPA).

## DISCUSSION

In his federal habeas petition, petitioner asserts the following grounds for relief: 1) the search warrant authorizing the search of his home did not specify the date and time of the search or describe the place to be searched with sufficient particularity; 2) an informant who testified against petitioner was unreliable; 3) trial counsel rendered ineffective assistance by failing to challenge the legality of the search warrant and the

5 - OPINION AND ORDER

credibility of the informant; 4) appellate counsel rendered ineffective assistance by failing to challenge petitioner's sentence as unlawful under Apprendi; and 5) the trial court unlawfully imposed consecutive sentences and enhanced his presumptive guidelines sentence based on facts found by the court rather than a jury.

However, in his supporting memorandum, petitioner raises only two arguments related to his fifth ground for relief: 1) the trial court violated his Sixth Amendment right to a jury trial by imposing consecutive and departure sentences based on the court's finding that the drug offenses were separate transactions, a fact that was not alleged in the indictment or found by the jury; and 2) trial counsel was ineffective in failing to object to the court's sentencing enhancement on Sixth Amendment grounds. Accordingly, I deem petitioner's first, second, third, and fourth grounds for relief waived and consider only the arguments raised in petitioner's supporting memorandum. See 28 U.S.C. § 2248.

Respondent nonetheless argues that neither claim is properly before the court, because petitioner did not raise these specific claims in his § 2254 petition. Respondent is correct; the petition does not challenge the judicial finding of separate drug transactions and instead relies on other factual findings made by the court at sentencing. Additionally, the petition claims ineffective assistance by appellate, rather than trial, counsel.

6 - OPINION AND ORDER

However, petitioner's § 2254 petition was filed *pro se* prior to the appointment of counsel, the court would allow amendment of the petition in any event, and respondent is not prejudiced by the court's consideration of these claims.

Petitioner argues that the trial court violated his Sixth Amendment right to jury trial when it imposed consecutive sentences and departed upward from the presumptive guidelines sentence based on the court's finding that the drug offenses constituted separate criminal transactions.[2]  Petitioner maintains that the trial court's findings at sentencing violated his Sixth Amendment rights, because such facts were not found by a jury beyond a reasonable doubt.  In so arguing, petitioner relies on Apprendi, where the Supreme Court held that any fact, other than a prior conviction, that increases a criminal penalty beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Apprendi, 530 U.S. at 490.

---

[2] Respondent argues that this claim for relief is procedurally defaulted, because petitioner did not fairly present it to the state's highest court. Gray v. Netherland, 518 U.S. 152, 163-64 (1996); Picard v. Connor, 404 U.S. 270, 277-78 (1971).  However, petitioner's trial counsel had objected to the court's finding of separate drug transactions on grounds that the court was bound by the language of the indictment and the jury's verdict.  Further, Apprendi had not been decided at the time of petitioner's sentencing and was issued just prior to the submission of petitioner's brief on direct appeal.  Petitioner's petition for review to the Oregon Supreme Court on direct appeal invoked Apprendi and claimed a violation of petitioner's Sixth Amendment right to jury trial. Resp. Ex. 112.  Finally, petitioner raised this argument in his PCR petition, on appeal, and in his PCR petition for review.  Resp. Exs. 115, 127 131.

7 - OPINION AND ORDER

To the extent petitioner argues that the trial court erred in imposing an upward departure sentence under applicable Oregon sentencing guidelines, petitioner cannot invoke <u>Apprendi</u> and instead must rely on <u>Blakely</u>.  Prior to <u>Blakely</u>, it was well settled that the "maximum sentence" for <u>Apprendi</u> purposes was the maximum sentence prescribed by statute rather than the presumptive sentencing guidelines range.  <u>See, e.g.</u>, <u>Schardt v. Payne</u>, 414 F.3d 1025, 1035 (9th Cir. 2005); <u>State v. Dilts</u>, 179 Or. App. 238, 247-48, 39 P.3d 276 (2002); <u>aff'd</u>, 336 Or. 158, 82 P.3d 593 (2003); <u>vacated by</u> <u>Dilts v. Oregon</u>, 542 U.S. 934 (2004).  In <u>Blakely</u>, the Supreme Court extended the reach of <u>Apprendi</u> and held that the "statutory maximum" includes the presumptive sentencing range - based on facts found by a jury - under mandatory sentencing guidelines.  <u>Blakely</u>, 542 U.S. at 303-04.  However, <u>Blakely</u> was decided well after petitioner's conviction became final and cannot be applied retroactively.  <u>See</u> <u>Schardt</u>, 414 F.3d at 1038; <u>Cook v. United States</u>, 386 F.3d 949, 950 (9th Cir. 2004); <u>McClanahan v. Hill</u>, 200 Or. App. 9, 10, 112 P.3d 456 (2005) (per curiam).  Therefore, petitioner cannot challenge the trial court's upward departure under the Oregon sentencing guidelines.

Petitioner's remaining claim for relief challenges the trial court's imposition of consecutive sentences pursuant to Or. Rev. Stat. § 137.123(2).  However, neither the Supreme Court nor the Ninth Circuit has found that <u>Apprendi</u> applies to factual findings

used to impose consecutive sentences.  In fact, several circuits have held that so long as the sentence for each individual count does not exceed the applicable statutory maximum, <u>Apprendi</u> does not prohibit the imposition of consecutive sentences based on facts not found by the jury.  <u>See, e.g.</u>, <u>United States v. Hicks</u>, 389 F.3d 514, 531-32 (5th Cir. 2004); <u>United States v. Pressley</u>, 345 F.3d 1205, 1213 (11th Cir. 2003); <u>United States v. Lafayette</u>, 337 F.3d 1043, 1049-50 & n.11 (D.C. Cir. 2003); <u>United States v. Chorin</u>, 322 F.3d 274, 278-79 (3d Cir. 2003); <u>United States v. Hollingsworth</u>, 298 F.3d 700, 702 (8th Cir. 2002); <u>United States v. Noble</u>, 299 F.3d 907, 909-10 (7th Cir. 2002); <u>United States v. Campbell</u>, 279 F.3d 392, 401 (6th Cir. 2002); <u>United States v. White</u>, 240 F.3d 127, 135 (2d Cir. 2001).[3]

Here, petitioner does not argue that the sentence imposed for any individual count exceeded the statutory maximum for that particular offense.  Further, the imposition of consecutive sentences does not increase the applicable penalty for each offense and is squarely within the traditional province of the court.  <u>Cf.</u> <u>Harris v. United States</u>, 536 U.S. 545, 549, 559-560, 565 (2002) ("After the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts

---

[3]I recognize that the Oregon Supreme Court recently held that <u>Apprendi</u> applies to judicial fact-finding used to impose consecutive sentences.  <u>State v. Ice</u>, 343 Or. 248, 170 P.3d 1049 (2007).  However, <u>Ice</u> is not clearly established federal law and does not control this court's determination under § 2254.

9 - OPINION AND ORDER

relating to the defendant and the manner in which the offense was committed."); McMillan v. Pennsylvania, 477 U.S. 79 (1986). Therefore, the trial court's imposition of consecutive sentences and the PCR court's rejection of his Apprendi argument was neither contrary to nor an unreasonable application of clearly established federal law.

Petitioner also argues that his trial counsel rendered ineffective assistance by failing to object to the trial court's imposition of sentence based on Sixth Amendment grounds.[4]

To establish ineffective assistance of counsel, petitioner must show that 1) counsel's performance was deficient, and 2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

I find that petitioner fails to establish counsel's

---

[4]Respondent argues that this claim was procedurally defaulted, because petitioner failed to raise it in his petition for review of the Court of Appeal's summary affirmance of the denial of his PCR petition. Resp. Ex. 131. While respondent may be correct, the court may deny habeas relief notwithstanding procedural default. See 28 U.S.C. § 2254(b)(2).

10 - OPINION AND ORDER

performance was deficient. Petitioner's trial counsel objected to the court's imposition of consecutive, departure sentences on numerous grounds. Specifically, counsel argued that the court was bound by the language of the indictment and the jury's verdict and could not impose consecutive sentences based on its finding that the drug offenses were separate transactions. Trial counsel could not have relied upon <u>Apprendi</u> in support of his objections, as it was decided after petitioner's trial and sentencing. Petitioner's attorney should not be deemed deficient for failing to invoke law that was not yet developed at the time of his sentencing.

## CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 2) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this  16  day of September, 2008.


_____        _____/s/ Ann Aiken_____
                        Ann Aiken
              United States District Judge